**STATE OF WEST VIRGINIA**

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**James Alfred King III,**
**Petitioner Below, Petitioner**

**vs.)   No. 12-0702** (Kanawha County 12-MISC-6)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner James Alfred King III, *pro se*, appeals the order of the Circuit Court of Kanawha County, entered May 11, 2012, summarily dismissing his petition for a writ of habeas corpus. The respondent warden,[1] by counsel Andrew D. Mendelson, filed a summary response and a motion to dismiss as moot. Petitioner filed a response to the motion to dismiss.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the September 1994 Term of the Kanawha County Grand Jury, petitioner was indicted for grand larceny based upon conduct occurring on June 15, 1993. The indictment specified that petitioner took goods and chattels "in excess of $200.00." On March 3, 1997, petitioner pled guilty to the charge and was sentenced to one to ten years in the state penitentiary.

The sentence was suspended, and petitioner was placed on probation. Thereafter, petitioner

---

[1] Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

[2] By an order entered March 7, 2013, this Court deferred consideration of the respondent warden's motion to dismiss and ordered him to file his merits brief on or April 12. 2013. Having found that petitioner's appeal can be disposed of on its merits, *see* infra, the Court declines to address the issue of mootness.

violated his probation and the sentence was imposed.[3]

After the commission of the offense but before petitioner was convicted and sentenced, the Legislature amended the larceny statute, West Virginia Code § 61-3-13, effective June 9, 1994. In the amendment, the Legislature raised the value necessary to charge a person with grand larceny from $200 to $1,000. *Compare* W.Va. Code § 61-3-13 (1994) *with* W.Va. Code § 61-3-13 (1977) (below the requisite amount, the offense is petit larceny). The 1994 amendment did not alter the sentences available for grand larceny enacted in the 1977 amendment to West Virginia Code § 61-3-13.

On January 4, 2012, petitioner filed a petition for a writ of habeas corpus arguing that he had a right under West Virginia Code § 2-2-8[4] to be sentenced under the 1994 amendment to West Virginia Code § 61-3-13 and that he was never advised of that right in violation of *State ex rel. Arbogast v. Mohn*, 164 W.Va. 6, 260 S.E.2d 820 (1979). The circuit court summarily dismissed the petition holding that *Arbogast* was distinguishable. In *Arbogast*, the 1977 amendment to West Virginia Code § 61-3-13 made an alternative sentence available for grand larceny that the court could impose in its discretion in lieu of incarceration in prison. The circuit court noted that "unlike the [1977] amendment at issue in *Arbogast*, the 1994 amendment to W[est] V[irginia] Code § 61-3-13 did not proscribe any new mitigating and alternative penalties for grand larceny . . ., as such were already proscribed, but only redefined the offenses of grand and petit larceny." Accordingly, the circuit court concluded that petitioner was not entitled under West Virginia Code § 2-2-8 to elect to be sentenced to a misdemeanor under the amended statute.

On appeal, petitioner argues that anytime an amendment to W.Va. Code § 61-3-13 raises the value necessary to charge a person with grand larceny, a felony—and the amendment becomes effective after the offense is committed but before the person is sentenced—the person has a right

---

[3] Subsequent to the imposition of sentence in the case at bar, petitioner was convicted and received additional prison sentences in two other cases.

[4] West Virginia Code § 2-2-8, the savings statute, provides as follows:

> The repeal of a law, or its expiration by virtue of any provision contained therein, shall not affect any offense committed, or penalty or punishment incurred, before the repeal took effect, or the law expired, save only that the proceedings thereafter had shall conform as far as practicable to the laws in force at the time such proceedings take place, unless otherwise specially provided; *and that if any penalty or punishment be mitigated by the new law, such new law may, with the consent of the party affected thereby, be applied to any judgment pronounced after it has taken effect.*

(emphasis added).

2

under West Virginia Code § 2-2-8 to elect to be sentenced to one year in jail, the same sentence as for the misdemeanor offense of petit larceny. The respondent warden argues that West Virginia Code § 2-2-8 does not apply to petitioner's case because the 1994 amendment to West Virginia Code § 61-3-13 did not proscribe any new mitigating and alternative penalties for grand larceny to be applied at the discretion of the court.

We review a circuit court's order summarily dismissing a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

When an offense was committed prior to the effective date of an amendment to a penal statute, an amendment which redefines the offense "does not affect the character of the offense under the former law." Syl. Pt. 1, *Arbogast*, supra (citing W.Va. Code § 2-2-8). Thus, the fact the 1994 amendment increased the threshold for grand larceny is irrelevant to the character of petitioner's offense because a redefinition of the offense does not change its character if, at the time of the offense's commission, it constituted a felony under the former statute.

However, "[w]hen a general savings statute specifically provides for the application of mitigated penalties upon the election of the affected party, he is entitled to choose the law under which he wishes to be sentenced." Syl. Pt. 2, *Arbogast* (citing W.Va. Code § 2-2-8). In petitioner's case, there are no mitigated penalties because the 1994 amendment did not alter the sentences available for grand larceny enacted in the 1977 amendment to West Virginia Code § 61-3-13.[5] Grand larceny carried a possible sentence of one to ten years in prison, or one year in jail, both before and after the 1994 amendment's effective date. Because the former statute and the current statute impose identical sentences, petitioner was not entitled under West Virginia Code § 2-2-8 to elect to be sentenced to one year in jail under W.Va. Code § 61-3-13(a). *See State v. Easton*, 203 W.Va. 631, 649 n. 24, 510 S.E.2d 465, 483 n. 24 (1998) (no right of election under under West Virginia Code § 2-2-8 in part because the former statute and the current statute imposed identical penalties.). After careful consideration, this Court concludes that the circuit court did not abuse its discretion in summarily dismissing petitioner's habeas petition.

For the foregoing reasons, we affirm.

---

[5] The 1994 amendment actually *increased* the possible monetary fine from $500 to $2,500.

Affirmed.

**ISSUED:** July 8, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**

4